■ ROBERT CIMINO et al., Respondents, v TOWN OF HEMPSTEAD, Appellant.

On August 5, 1979, plaintiff Robert Cimino suffered severe injuries when he was struck from behind by a large wave while he was exiting the water at the defendant Town of Hempstead's Malibu Beach. He thereafter commenced this negligence action against the town, alleging that the defendant, through its life-guards, had a duty either to warn him of the existing wave conditions or to close the beach because of those conditions. We hold, as a matter of law, that neither duty existed in this case. Plaintiffs' version of the facts clearly shows that plaintiff Robert Cimino, upon first arriving at the beach, observed that the waves were high and the water conditions were generally turbulent. He was also told by other bathers that the ocean was "really rough" that day. He then entered the water and remained in it for some 20 minutes, experiencing its turbulence.

Less than two hours later, Mr. Cimino observed that the waves were 8 to 10 feet in height, and were knocking people down. He entered the water again and engaged in bodysurfing (a practice of riding the waves without a surfboard by planing on the chest and stomach) for about 15 minutes. He was then injured as he was exiting the water in order to have lunch.

We recognize that a duty of care is owed by a municipality to those who are lawfully present on its recreational premises (*see, Caldwell v Village of Island Park,* 304 NY 268). However, we find the plaintiffs' claim that the town had a duty to warn Mr. Cimino of the wave activity to be without merit. It is clear from the record that the water conditions were readily observable to all at the beach, and were in fact not only observed by Mr. Cimino but actually physically experienced by him when he

entered the water on two separate occasions. In a somewhat similar case, we noted that "the value of a warning is particularly questionable where, as here, the claimant knew or should reasonably have known of the dangers posed" (*Herman v State of New York,* 94 AD2d 161, 163, *affd* 63 NY2d 822). Moreover, it is well settled that "[t]here is no duty to warn against a condition that can be readily observed by the reasonable use of senses" (*Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665; *see, Pope v State of New York,* 198 Misc 31, *affd* 277 App Div 1157).

We further find that defendant had no duty to close the beach merely because of the wave activity. While wave conditions had been worse on each of the two days preceding the day of Mr. Cimino's injury, there is no evidence that any similar accidents occurred on either of those dates, or even on any prior occasion.

Therefore, it can hardly be said that the town was on notice of an unreasonable risk of danger which would require it to close the beach to bathers. The fact that Mr. Cimino was injured in a freak accident does not, by itself, prove that such an unreasonable risk of danger existed. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.