OPINION OF THE COURT
Gilbert Ramirez, J.
This is an action in which the plaintiff seeks damages for personal injuries he sustained when he was 16 years old, in a fall from the roof of an elevator located at 1250 Sutter Avenue, Brooklyn, New York, in the Cypress Hills Project. *68 The defendant, the New York City Housing Authority (the Housing Authority), moves for summary judgment, pursuant to CPLR 3212, on the ground that plaintiffs injuries resulted from his "joy riding” on the roof of the elevator, and thus, were "self inflicted”.
. It is undisputed that at the time of his injury, the plaintiff was riding on the roof of the elevator and fell off. Counsel for the plaintiff states that "[t]he essence of the plaintiffs case is that the Housing Authority had actual notice, not only of the practice of elevator joy riding but of the specific method used by these children in opening elevator doors. The actual notice resulted in a duty of prevention”. No other basis for recovery against the Housing Authority has been alleged by the plaintiff in his bill of particulars or claimed in the papers opposing the defendant’s summary judgment motion.
It appears from the papers presented including the affirmation of plaintiffs counsel that the plaintiff had gained access to the roof of the elevator by manipulating a string or shoelace attached to the interlock mechanism of the elevator. This mechanism is a device that allows the elevator door to open only when the elevator is at the landing. Apparently, the manipulation of the interlock mechanism with a string or shoelace disrupts its normal operation and allows the door to be opened between landings; thus, permitting access to the elevator roof. The plaintiffs liability theory is that the practice of gaining access to the elevator roof by manipulating the interlock mechanism in this manner had been going on for some time and was known to the Housing Authority at this particular project. Consequently, the plaintiffs counsel argues that the Housing Authority had a duty to take steps to prevent this practice with the "proper installation of a shield along with the removal of certain mechanical equipment to the rear portion of the elevator”.
The Housing Authority has supported its motion for summary judgment with an affidavit and a reply affidavit by Herbert Ris, a district supervisor for elevator maintenance employed by the Housing Authority, describing steps taken by the Cypress Hills Project "to deter vandals from gaining access to the outside parts (including the roof) of the elevator” at 1250 Sutter Avenue.
These various steps are described in paragraph 4 of Herbert Ris’s affidavit and paragraph 2 of Herbert Ris’s reply affidavit and includes the installation of "a metal strike post cover, *69 running the entire length of the side of the elevator cab, to shield the interlock mechanism and make it less accessible to vandals”. Mr. Ris’s reply affidavit states that "the elevator at 1250 Sutter Avenue in the Cypress Hills Project contained such a metal strike post cover at all relevant times”.
The affidavit of Herbert Ris also states:
"5. It is impossible to completely shield access to the elevator interlock because the New York City elevator code requires a % inch space between the interlock machine and cab for runby clearance.
"(The interlock prevents the outer door on each floor from being opened unless the elevator cab is on that floor.)
"6. Numerous other modifications to the elevators have been attempted and rejected by the Housing Authority for various reasons, including the inability of maintenance and emergency/rescue units to gain ready access to the elevator shafts because of the restrictiveness of certain of the proposed measures. We have many elderly and infirm residents of the projects, and making sure the elevator service to these persons is available is an important concern of the Housing Authority’s. * * *
"8. I believe the Housing Authority had taken all steps possible to prevent access to the elevator roof at 1250 Sutter Avenue, Brooklyn, New York, by unauthorized persons prior to the time of plaintiffs accident on/or about July 4, 1976. The only way absolutely to mechanically safeguard the elevators from joyriding is to take them completely out of service”.
With this proof, the defendant has made a prima facie showing that prior to the time of the accident to the plaintiff, they had taken all reasonable steps to deter vandals from gaining access to the elevator roof at 1250 Sutter Avenue.
"It is well established that summary judgment will only be granted if there are no material and triable issues of fact (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Once the moving party has made a prima facie showing of being entitled to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). Thus, it is imperative that a plaintiff opposing a defendant’s motion for summary judgment 'assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [complaint] are real and are *70 capable of being established upon a trial’ (Di Sabato v Soffes, 9 AD2d 297, 301). However, 'only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment’ (Rotuba Extruders v Ceppos, 46 NY2d 223, 231), and mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (see, Zuckerman v City of New York, 49 NY2d 557, 562)” (World Trade Knitting Mills v Lido Knitting Mills, 154 AD2d 99, 102-103 [2d Dept]).
On the record before this court, the defendant’s submissions in support of its motion for summary judgment satisfy the prima facie showing required to warrant judgment as a matter of law if not rebutted by the plaintiff.
The proof submitted by the Housing Authority including the two affidavits of Herbert Ris which describe the steps taken at the Cypress Hills Project, including at 1250 Sutter Avenue, to deter vandals from gaining access to the roof of the elevators, is undisputed. The affidavit of the plaintiffs expert James Hearty does not state that he ever saw or inspected the elevator at 1250 Sutter Avenue and that he found it to be in any respect deficient. Thus, it does not in any way rebut the evidence submitted by the defendant Housing Authority. The plaintiff has failed to come forth with any evidence in admissible form which would support his theory of liability and justify the denial of the Housing Authority’s motion for summary judgment. At most the plaintiff has only set forth conclusory allegations and assertions that are not relevant to the subject elevator at 1250 Sutter Avenue in the Cypress Hills Project. Consequently, the plaintiffs papers raise no triable issue as to the reasonableness of the steps taken by the Housing Authority, to prevent joy riding on the roof of the elevator.
As there are no triable issues of fact, the motion of the defendant Housing Authority for summary judgment pursuant to CPLR 3212 dismissing the plaintiffs amended complaint is granted (Alvarez v Prospect Hosp., 68 NY2d 320, 325, supra; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067).
It is appropriate to note that the court’s decision makes it unnecessary to consider the defendant’s remaining grounds *71 for summary judgment in its favor, to wit: (1) plaintiffs voluntary assumption of extreme danger bars any recovery (Arbegast v Board of Educ., 65 NY2d 161), and (2) plaintiffs serious criminal or illegal conduct bars any recovery (Barker v Kallash, 63 NY2d 19).