◼ Coleen Rowell, Individually and as Parent and Natural Guardian of Robert E. Rowell, an Infant, Respondent, v Town of Hempstead, Defendant, and Incorporated Village of Island Park, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Incorporated Village of Island Park appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated August 2, 1990, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against the appellant and any cross claims against the appellant are dismissed, and the action against the remaining defendant is severed.

On July 20, 1987, the infant plaintiff was rendered a quadriplegic as a result of injuries he sustained when he dove into shallow water from a piling that anchored a swim platform, at a beach owned and operated by the defendant Incorporated Village of Island Park.

The Village moved for summary judgment, asserting that at the time of the accident the beach was closed to the public and signs were posted warning that the beach was closed. In response, the plaintiff argued that there were questions of fact as to whether the Village had effectively warned against the danger of diving off the pilings, and whether that danger was known or obvious to the plaintiff. The Supreme Court denied the Village's motion for summary judgment, finding that there was an issue of fact as to whether the Village had an obligation to warn. We now reverse.

It is well established that a defendant has no duty to warn of dangerous conditions " 'that can be readily observed by the reasonable use of senses' " *(Cimino v Town of Hempstead,* 110 AD2d 805, 806, quoting *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665; *Herman v State of New York,* 94 AD2d 161, *affd* 63 NY2d 822). The depth of the water was readily observable to, and "physically experienced" by the plaintiff, who had been swimming and diving in the water for 15 minutes prior to the *accident (see, Cimino v Town of Hempstead,* 110 AD2d 805, *supra, affd* 66 NY2d 709). Indeed, two of

the plaintiff's companions who were swimming with him at the time of the accident testified that prior to the accident they had observed that the tide was low. Moreover, the plaintiff testified at an examination before trial that he was an experienced swimmer, and had dove "thousands of times", that he had swum in that area on many occasions, day and night, that he was familiar with the changing levels of the tides in that area, and that he knew from experience how to tell by the location of the platform on the pilings whether the tide was high or low.

In any event, there is no question that at the time of the accident, signs were posted warning that the beach was closed and that no lifeguard was on duty. Even if, as the plaintiff contends, the warning was insufficient, we find that the plaintiff's reckless conduct was an intervening, superseding event that absolves the Village of liability (see, Boltax v Joy Day Camp, 67 NY2d 617). The extreme risk inherent in diving into water, which, by the plaintiff's admission, was "murky and unclear", from the top of a piling that was three and one-half feet higher than the swim platform, at 9:00 P.M., at a closed beach with no lifeguard on duty, is self-evident. Under these circumstances, the Village is entitled to summary judgment dismissing the complaint and any cross claims against it. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.