SECOND DEPARTMENT, FEBRUARY, 1994

(February 7, 1994)

■ HEATHER J. ACKERMANN et al., Appellants, v TOWN OF FISHKILL et al., Respondents, et al., Defendant. [607 NYS2d 384] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper), of the Supreme Court, Dutchess County (Jiudice, J.), dated December 23, 1991, which granted the defendants' motions for summary judgment and thereupon dismissed the plaintiffs' complaint insofar as it is asserted against them. The notice of appeal from the decision dated August 29, 1991 is deemed a premature notice of appeal from the order and judgment (CPLR 5520 [c]).

Ordered that the order and judgment is affirmed, with one bill of costs.

The infant plaintiff was injured when she fell from a bicycle she was riding down a steep roadway under construction on property owned by the Town of Fishkill (hereinafter the Town). The infant plaintiff ventured onto the roadway via a path from the adjacent municipal park. The roadway was

constructed in order to connect Geering Way, a town road adjacent to the park, to a subdivision under development, known as Maurer Brook. The subdivision property, which was owned by the defendant Hugh J. Maurer, was part of a joint venture between Maurer and the defendant Richard Barger. Like the roadway, the Maurer Brook development was located in the wooded area adjacent to the park. To construct the roadway, Maurer and Barger contracted with the defendant construction companies to blast, excavate, and grade the area. At the time of the accident, the roadway was in the "rough grade" stage, that is, the blasting had been completed and rock and earth displaced by the blasting had been moved downward by bulldozer to level out the surface.

Upon motions for summary judgment by the defendants, the Supreme Court dismissed the plaintiffs' complaint. The court found that General Obligations Law § 9-103 barred liability against the Town, and, under the general principles of negligence, found that the remaining defendants were not liable to the plaintiffs.

We agree with the Supreme Court that Metzger Construction, Inc., and Jack Perkins Construction, Inc., are entitled to summary judgment. Metzger Construction, Inc., submitted evidence that it did not perform work at the site prior to the accident. Jack Perkins Construction, Inc., submitted evidence that it completed blasting at the top of the hill approximately one month prior to the accident, and that it was not responsible for the subsequent grading of the roadway. The plaintiffs failed to offer evidence to create a triable issue of fact as to the liability of these defendants.

The remaining issues concern the liability of the Town, the joint venturers Maurer and Barger, and Clove Excavators, Inc., which was responsible for grading the roadbed. We conclude that the court erred in finding that General Obligations Law § 9-103 precluded a finding of liability against the Town. Nevertheless, upon searching the record, we conclude that the Town and the remaining defendants are entitled to summary judgment.

General Obligations Law § 9-103 immunizes landowners from liability for injuries sustained on their property by persons who use the property for certain specified recreational activities, including bicycle riding. However, the Court of Appeals has held that merely engaging in an enumerated activity is not, in and of itself, sufficient to invoke General Obligations Law § 9-103 (see, Iannotti v Consolidated Rail

*Corp.,* 74 NY2d 39). Instead, in order to determine whether the property in question falls within the statute, the court must look to whether the property is "physically conducive to the particular activity or sport" as well as whether it is the "type which would be appropriate for public use in pursuing the activity of recreation" *(Iannotti v Consolidated Rail Corp., supra,* at 45). We conclude that the property in question here does not meet that test. The defendants offered deposition testimony to support their claim that the roadway was not physically conducive to bicycle riding, as it was located on a steep incline and the surface was strewn with rocks. Moreover, the surrounding property was wooded, and no evidence was offered that the public used the property for bicycle riding in the past or that it was appropriate for such a use *(Iannotti v Consolidated Rail Corp., supra; cf., Wiggs v Panzer,* 187 AD2d 504; *Hoffman v Wunderlich,* 147 AD2d 807). As General Obligations Law § 9-103 does not bar the plaintiffs' action against the Town, its liability must be considered under general negligence principles *(see, Basso v Miller,* 40 NY2d 233).

The crux of the plaintiffs' claim against the Town and the other defendants is that they created a dangerous condition on the Town's property and failed to post warning signs or to erect barricades to prevent the public, and children in particular, from using the roadway for bicycle riding. We conclude that, as a matter of law, the defendants did not create a dangerous condition or trap on the Town's property. The defendants submitted evidence that it is necessary when rough cutting a road to keep rocks on the roadbed to form a foundation for drainage and to serve as part of the base beneath the asphalt. The plaintiffs failed to offer any evidence that the roadway was not in a reasonably safe condition under the circumstances.

Moreover, we find that there was no duty imposed on the defendants to warn the infant plaintiff of the condition of the roadway. Clove Excavators, Inc., offered uncontradicted evidence that it had completed work at the site one month prior to the accident, and therefore had no control over access to the property. With respect to the Town, it is well settled that "[t]here is no duty on the part of a landowner to warn against a condition that can readily be observed by those employing the reasonable use of their senses" *(Tarricone v State of New York,* 175 AD2d 308, 309; *see also, Olsen v State of New York,* 25 NY2d 665; *Caris v Mele,* 134 AD2d 475). The evidence submitted by the defendants established that the steepness of

the incline and the rough, rocky nature of the roadway presented an obvious danger that the infant plaintiff should have " 'appreciated to the same extent as a warning would have provided' " (Caris v Mele, supra, at 476, quoting from Prosser and Keeton, Torts § 96, at 686 [5th ed]). Similarly, even assuming that a duty to warn could be imposed on the joint venturers on the theory that they were in control of the property at the time of the accident, the obvious condition of the roadbed would preclude a finding of liability based on the failure to post warning signs.

Accordingly, we conclude that the defendants were properly granted summary judgment dismissing the complaint. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.