■ DEBRA TILLMON et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [609 NYS2d 239] —Order, Supreme Court, Kings County (Randolph Jackson, J.), entered April 15, 1992, which denied appellant New York City Housing Authority's ("NYCHA") motion for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, and the complaint dismissed without costs.

Plaintiff's decedent was just shy of 14 years old and a student in a gifted program, when on July 6, 1985, he, his twin brother, and friends were "elevator surfing" in the NYCHA project where he lived. According to statements made by the individuals involved, decedent, his twin brother and another boy had climbed out of the car through the escape hatch and were on top of the car, while two others were inside the car causing it to go up and down or stop. The boys ignored a neighbor's warning to stop. After the boys had been riding for a while, decedent went to the front of the car, as it was ascending, to relieve himself into the elevator shaft, despite a warning from one of his companions. As he bent over to close his pants, he hit a concrete stanchion in the elevator shaft and was decapitated. The Housing Authority police investigated and issued youthful delinquent citations to the surviving participants, charging them with criminal tampering and criminal trespass.

Plaintiff thereafter sued, alleging NYCHA's negligence in allowing the elevator to become and remain in a dangerous, defective condition, a violation of its duty to persons lawfully in the elevators, and that while in said elevator, decedent was fatally injured. Defendant subsequently moved for summary judgment.

In *Winegrad v New York Univ. Med. Ctr.* (64 NY2d 851, 853) and *Alvarez v Prospect Hosp.* (68 NY2d 320, 324), the Court of Appeals set forth the parties' obligations on a motion for summary judgment: "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact * * *. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers

*(Winegrad v New York Univ. Med. Center, supra,* at p 853). Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(Alvarez v Prospect Hosp., supra,* at 324).

We find that NYCHA's submission of affidavits by the supervisor of elevator maintenance and the elevator inspector concerning the safety of the elevator at the time in question and NYCHA's efforts to prevent "elevator surfing", along with the evidence recounting the fact that just prior to the incident decedent ignored two warnings of the danger, and, as a 14 year old honor student, should have understood them, and that decedent would have received a youthful delinquent citation for criminal tampering and criminal trespass for his conduct on the elevator, was sufficient to establish, prima facie, that the complaint should be dismissed, and shifted the burden to plaintiff to present sufficient proof to establish material issues of fact requiring a trial. Plaintiff failed to satisfy this burden, however.

NYCHA cites *Porter v New York City Hous. Auth.* (150 Misc 2d 67 [Sup Ct, Kings County 1991]) as being on point with the instant case, and dispositive. We agree. There the court granted summary judgment to NYCHA where it presented similar evidence of safety precautions taken, and that the children involved had deliberately overridden those precautions, and plaintiff failed to set forth evidence which would support his theory of liability and justify denial of the motion for summary judgment.

The shortcomings of plaintiff's submission on this application notwithstanding, the proximate cause of decedent's death was his own willful behavior in engaging in hazardous and illegal conduct, and compensation should not be granted in such circumstances *(see, Kelly v Great Neck Union Free School Dist.,* 192 AD2d 696, *lv denied* 82 NY2d 658; *see also, Barker v Kallash,* 63 NY2d 19). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Williams, JJ.