■ MARK WATSON, an Infant, by His Mother and Natural Guardian, ULLANAIE WOODS, et al., Respondents, v HILLSIDE HOUSING CORP., Respondent-Appellant, and JSA REALTY CORP. et al., Appellants-Respondents. HILLSIDE HOUSING CORP., Third-Party Plaintiff-Respondent-Appellant, v OGDEN ALLIED BUILDING & AIRPORT SERVICES, INC., Also Known as OGDEN ALLIED SERVICES, Third-Party Defendant-Respondent-Appellant. [648 NYS2d 94] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered June 21, 1995, which denied defendants' and third-party defendant's motions for summary judgment, unanimously affirmed, without costs.

Plaintiff allegedly was injured, while playing in a playground on the property of one defendant, by construction debris thrown by another child from adjacent commercial property owned by another defendant. For purposes of summary judgment, we accept that the debris had been left on the commercial property for a significant period of time, that there were holes in the fence separating the properties through which children routinely passed, and that some of these children routinely threw articles of debris at other children in the adjoining playground. Defendants contend that the children's act of throwing debris was so extraordinary and unforeseeable as to constitute, as a matter of law, an intervening cause. We disagree. Whether such throwing of debris at children was a foreseeable consequence of the allegedly unsafe condition in which defendants kept their properties is a question subject to varying inferences and should be left to the fact finder to

resolve (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). There is no "all-encompassing rule that the duty of a landowner to maintain a reasonably safe premises extends only to those who use the appurtenances located on the premises solely for their normal and intended purpose" (*Cruz v New York City Tr. Auth.*, 136 AD2d 196, 200), especially when it comes to children and their " 'special propensities' " to trespass and misuse instrumentalities (*supra*, at 201, quoting *Barker v Parnossa, Inc.*, 39 NY2d 926, 929 [Breitel, Ch. J., concurring]; *see also, Kush v City of Buffalo*, 59 NY2d 26). Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.