■ LEONARD J. LALUNA, JR., Appellant, v DGM PARTNERS et al., Respondents. [651 NYS2d 598] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered August 16, 1995, which granted the defendants' motion for summary judgment dismissing the complaint. Presiding Justice Mangano has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The plaintiff, Leonard James Laluna, Jr., was trespassing at the Peter Augustus Jay House in Rye, New York, at a time when it was still owned by the defendants, when he fell and sustained injuries. The plaintiff testified that, after drinking three beers on the evening of the accident, he and five friends went to the aforementioned premises. While consuming another beer, the plaintiff proceeded to walk around the interior of the premises in the dark. The plaintiff fell off the second floor and thereafter commenced this action sounding in negligence.

A landowner has a duty to maintain the property in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries (*see, Basso v Miller*, 40 NY2d 233; *Kurshalls v Connetquot Cent. School Dist.*, 227 AD2d 593). However, while the issue of whether accidents are foreseeable and what preventive measures should have been taken are ordinarily questions for the jury, a landowner has no duty to warn of conditions in plain view and that could have been observed by those employing the reasonable use of their senses (*see, Binensztok v Marshall Stores*, 228 AD2d 534; *Ackermann v Town of Fishkill*, 201 AD2d 441).

Here, the plaintiff entered the premises, despite the fact that it was boarded up and marked with signs warning against trespassing. The plaintiff thus proceeded into an abandoned, dark building, after consuming several cans of beer. He went under the front porch in order to gain access via an underneath window. The dangerous condition inside the premises could have been observed by the plaintiff employing the reasonable use of his senses (*see, Binensztok v Marshall Stores, supra*). Further, although the plaintiff argued that it was foreseeable that teenagers would be inside the premises, albeit wrongfully, " 'foreseeability of misuse alone is insufficient to make out a cause of action' " sounding in negligence (*Kurshals v Connetquot Cent. School Dist., supra*, at 227).

We find no merit to the plaintiff's remaining contentions. Mangano, P. J., Miller, Altman and Krausman, JJ., concur.