■ JOANNE H. RICE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [658 NYS2d 347] —In an action, *inter alia*, to recover damages for wrongful death, the defendant appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 18, 1996, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death asserted in the complaint is granted, and the complaint is dismissed in its entirety.

The decedent and a friend were riding on top of an elevator managed, maintained, and operated by the appellant. At some point, the decedent moved onto a ledge on the elevator shaft, intending to jump back on top of the ascending elevator. However, he slipped and fell between the elevator and the wall of the elevator shaft. He died when the ascending elevator crushed him against the wall.

That branch of the appellant's motion which was for summary judgment dismissing the plaintiff's wrongful death cause of action should have been granted. "[T]he proximate cause of the decedent's death was his own willful behavior in engaging in hazardous and illegal conduct, and compensation should not be granted in such circumstances" *(Tillmon v New York City Hous. Auth.,* 203 AD2d 19, 20; *see, De Pena v New York City Tr. Auth.,* 236 AD2d 209; *Porter v New York City Hous. Auth.,* 150 Misc 2d 67). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.