■ RODERICK BREEM et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. [680 NYS2d 674] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered November 24, 1997, which, inter alia, upon an order of the same court dated August 25, 1997, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Roderick Breem, a 15-year-old infant, was injured when he entered an electric substation owned by the defendant Long Island Lighting Company (hereinafter LILCO). The infant plaintiff scaled the chain-link fence which surrounded the locked substation and climbed over barbed wire in order to gain entry. Once inside, he climbed upon a transformer platform and was thereafter injured when he came in contact with a 13,000-volt power line.

The plaintiffs commenced the instant action against LILCO, alleging that it was negligent in failing to prevent admittance

to the area by not affording adequate fences, lighting, and warning signs. The court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

A landowner owes a duty "to exercise reasonable care in maintaining his property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593; *see, Basso v Miller*, 40 NY2d 233, 241; *Laluna v DGM Partners*, 234 AD2d 519, 520; *Watson v Hillside Hous. Corp.*, 232 AD2d 252, 253). Encompassed within this duty is the duty to warn of dangerous conditions existing on the property (*Ackermann v Town of Fishkill*, 201 AD2d 441, 443; *Rowell v Town of Hempstead*, 186 AD2d 553, 554). Landowners are not, however, required to warn of those dangerous conditions that can be readily observed by the reasonable use of one's senses (*see, Rowell v Town of Hempstead, supra*, at 553; *Cimino v Town of Hempstead*, 110 AD2d 805, 806, *affd* 66 NY2d 709; *Binensztok v Marshall Stores*, 228 AD2d 534, 535; *Ackermann v Town of Fishkill, supra*).

Here, the danger existing in the substation was obvious to one through the reasonable use of his or her senses. There were fences, barbed wire, a lock, and warning signs which sufficed to give notice of the danger (*see, Laluna v DGM Partners, supra*). Moreover, the infant plaintiff was well acquainted with the area and knew that there were electrical wires inside the substation (*see, Rowell v Town of Hempstead, supra*). Therefore, the defendant had no duty to warn, but, in any event, did so reasonably.

Furthermore, the "proximate cause of [the plaintiff's injury] was his own willful behavior in engaging in hazardous * * * conduct, and compensation should not be granted in such circumstances" (*Tillmon v New York City Hous. Auth.*, 203 AD2d 19, 20; *see, Rice v New York City Hous. Auth.*, 239 AD2d 400). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.