█ ENJOLIQUE CUMMINGS, an Infant, by Her Mother and Natural Guardian, ZINA W. CUMMINGS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [691 NYS2d 424] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 28, 1998, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for injuries to a child who struck a fence while sledding on defendant's property, summary judgment is precluded by the existence of factual issues concerning the fence's allegedly defective height differential between its bottom and the ground, as well as foreseeability and proximate cause, particularly since the accident involves an eight year old (*see*, *Watson v Hillside Hous. Corp.*, 232 AD2d 252, 253, *lv dismissed* 89 NY2d 1030; *see also*, *Schwartz v Armand Erpf Estate*, 255 AD2d 35). We find that General Obligations Law § 9-103 is inapplicable because the record establishes that the area in question is not suitable for sledding, notwithstanding the existence of a question of fact as to the foreseeability of children's use of the area for such purpose. We have considered and rejected defendant's remaining arguments. Concur— Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.