■ PAUL S. DOYLE, JR., Appellant, v STATE OF NEW YORK, Respondent. [705 NYS2d 389] —In a claim to recover damages for personal injuries, the claimant appeals from (1) an order of the Court of Claims (Ruderman, J.), dated January 28, 1999, which, after a nonjury trial on the issue of liability, granted the defendant's application, made at the close of evidence, for judgment as a matter of law, and (2) a judgment of the same court, dated February 17, 1999, which dismissed the claim.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from that order and we decline to grant leave to appeal (*see,* CPLR 5701), and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On August 23, 1995, at approximately 12:30 A.M., the claimant and a group of young people were congregating on an elevated plateau at a park that had closed at dusk. The claimant was injured when, after observing the headlights of an oncoming motorcycle, he ran toward the edge of the plateau and either tripped or jumped over a stone wall surrounding the plateau that was 18- to 20-inches high, falling 16 feet to the ground on the other side of the wall.

The plaintiff commenced this action against the State of New York (hereinafter the State), which leased and operated the park. The claim alleged, *inter alia*, that the State was negligent in failing to prevent admittance to the area, in failing to provide adequate lighting, and in failing to provide a railing on top of the stone wall. After a trial on the issue of liability, the court granted the State's application to dismiss the claim. We affirm.

A landowner owes a duty "to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593; *see, Basso v Miller,* 40 NY2d 233, 241; *Laluna v DGM Partners,* 234 AD2d 519, 520; *Watson v Hillside Hous. Corp.*, 232 AD2d 252, 253). Encompassed within this duty is the duty to warn of dangerous conditions existing on the property (*see, Ackermann v Town of Fishkill,* 201 AD2d 441, 443; *Rowell v Town of Hempstead,* 186 AD2d 553, 554). Landowners are not required, however, to warn of those dangerous conditions that " ' "can be readily observed by the reasonable use of senses" ' " (*Rowell v Town of Hempstead, supra*, at 553, citing *Cimino v Town of Hempstead,* 110 AD2d 805, 806, *affd* 66 NY2d 709; *see, Binensztok v Marhsall Stores,* 228 AD2d 534, 535; *Ackermann v Town of Fishkill, supra*). The claimant was bound to see that which could have been observed by a proper use of his senses (*see, Breem v Long Is. Light. Co.*, 256 AD2d 294). The sign indicating that the park closed at dusk was readily apparent to visitors who entered the park and proceeded on the path up to the plateau, as was the danger of falling over the cliff at the edge of the plateau. The upper plateau was bordered by a stone wall that was 18- to 20-inches high which demarcated the edge of the elevated area. Moreover, the plaintiff was acquainted with the area and knew that he was on an elevated plateau when he ran toward the edge. There was no latent danger and the defendant had no duty to warn of

a dangerous condition (*see, Rowell v Town of Hempstead, supra*). The proximate cause of the claimant's injury was his own willful behavior in engaging in hazardous and unlawful conduct, and compensation is not awarded in such circumstances (*see, Breem v Long Is. Light. Co., supra; Tillmon v New York City Hous. Auth.*, 203 AD2d 19, 20). Accordingly, the court properly granted the State's application to dismiss the claim. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.