■ DANUTA POPEK, as Administrator of the Estate of AGIESZKA POPEK, Also Known as AGNES POPEK, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 91227.) [719 NYS2d 708] —In a claim to recover damages for wrongful death, the defendant appeals from so much of an interlocutory judgment of the Court of Claims (Ruderman, J.), dated December 1, 1999, as, after a trial on the issue of liability, found the defendant 50% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, and the claim is dismissed.

The defendant was not required to warn of the dangerous condition which resulted in the decedent's injuries and ultimate death as the condition could have been " 'readily observed by the reasonable use of [one's] senses' " (Rowell v Town of Hempstead, 186 AD2d 553; see, Cimino v Town of Hempstead, 110 AD2d 805, 806, affd 66 NY2d 709; Binensztok v Marshall Stores, 228 AD2d 534, 535). The proximate cause of the decedent's injuries was her own behavior in walking too close to the edge of the cliff and not heeding the warning of her companion. Accordingly, the court improperly found that the defendant was, to any degree, at fault in the happening of the accident. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.