■ VINCENT SORCE et al., Appellants, v GREAT OAK MARINA, Respondent. [723 NYS2d 505] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of

the Supreme Court, Suffolk County (Pitts, J.), entered July 17, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff Vincent Sorce (hereinafter the plaintiff) stored his boat for the winter on property owned by the defendant Great Oak Marina (hereinafter the marina). The boat was stored on cement blocks under a row of hemlock trees. The plaintiff was injured when he went to the boat to retrieve some of his belongings. As he climbed onto the boat's swim platform, he pushed aside a heavy tree branch, which broke and caused him to fall.

The Supreme Court properly granted the marina's motion for summary judgment dismissing the complaint. The tree branches overhanging the plaintiff's boat did not constitute an inherently dangerous condition on the property (*see, Plessias v John Vincent Scalia Home for Funerals,* 271 AD2d 423; *Pepic v Joco Realty,* 216 AD2d 95; *Pilato v Diamond,* 209 AD2d 393; *see generally, Macey v Truman,* 70 NY2d 918, *amended* 71 NY2d 949; *Basso v Miller,* 40 NY2d 233). Furthermore, since the tree branch could be readily observed by the reasonable use of one's senses, the marina had no duty to warn the plaintiff of the condition (*see, Doyle v State of New York,* 271 AD2d 394; *Binensztok v Marshall Stores,* 228 AD2d 534; *Ackermann v Town of Fishkill,* 201 AD2d 441). Altman, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.