■ ROBERT PERSING, JR., Appellant, v CITY OF NEW YORK et al., Defendants, and BLUE KNIGHTS LAW ENFORCEMENT MOTORCYCLE CORPORATION et al., Respondents. [752 NYS2d 707] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 15, 2001, which granted the motion of the defendants Port Authority of New York and New Jersey and Blue Knights Law Enforcement Motorcycle Corporation for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered November 28, 2001, which, upon the order, dismissed the complaint insofar as asserted against those defendants. The notice of appeal from the order dated October 15, 2001, is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order dated October 15, 2001, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

While walking toward the edge of a pier at the Howard Hook Marine Terminal on Staten Island, the plaintiff allegedly sustained personal injuries when he stepped into a trench, tripped forward, hit a bulkhead, and fell off the pier into the water. Within the trench was a rail which permits a crane to move from one spot to another. The plaintiff brought the

instant action against, among others, the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority), the owner of the pier, and the defendant Blue Knights Law Enforcement Motorcycle Corporation (hereinafter Blue Knights), the sponsor of a barbeque the plaintiff was attending when the accident occurred. In relevant part, the plaintiff alleged that the trench constituted a dangerous condition. Following discovery, the Port Authority and Blue Knights moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion and we affirm.

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendants Port Authority and Blue Knights for summary judgment dismissing the complaint insofar as asserted against them. In support of the motion, Port Authority and Blue Knights established that the trench over which the plaintiff tripped was readily observable "by those employing the reasonable use of their senses," and therefore, they had no duty to warn the plaintiff of the condition (*Tarricone v State of New York,* 175 AD2d 308, 309; *see Germain v Hegedus,* 289 AD2d 443; *Hopson v Turf House,* 252 AD2d 796; *Bellofatto v Frengs,* 246 AD2d 566; *cf. Tagle v Jakob,* 97 NY2d 165). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.