■ Joseph Orlando, Appellant, v Audax Construction Corp. et al., Respondents, et al., Defendant. [788 NYS2d 173]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 5, 2003, as granted the cross motion of the defendants Audax Construction Corp. and Big N Equipment Rental Corp. and the separate cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against them, respectively.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries after he tripped and fell on an unpaved and unlevel portion of a roadway which was under construction. The defendants Audax Construction Corp. and Big N Equipment Rental Corp. cross-moved, and the defendant City of New York separately cross-moved, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the alleged defect was not inherently dangerous, and was readily observable by the reasonable use of one's senses. The Supreme Court granted both cross motions.

Contrary to the plaintiff's contention, the respondents demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the alleged defect was not inherently dangerous and was readily observable by the reasonable use of one's senses (*see Jang Hee Lee v Sung Whun Oh,* 3 AD3d 473 [2004]; *Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Persing v City of New York,* 300 AD2d 641 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Therefore, the Supreme Court properly granted the cross motions for summary judgment dismissing the complaint insofar as asserted against the respondents. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.