■ JULIE HINCHEY et al., Respondents, v WHITE WILLOW, LLC, Appellant. [839 NYS2d 230]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 6, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The 15-year-old infant plaintiff sustained injuries when she jumped from a 50-foot cliff into a lake while she was trespassing on the defendant's property. The infant plaintiff and her friends entered the defendant's property through a fence which alleg-

edly was maintained in an improper fashion. Allegedly, teenagers frequently trespassed on the defendant's property for the purpose of jumping from this natural geographical formation, and there were no warning signs about the danger of jumping from the cliff.

In response to the defendant's demonstration of its entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact, and the Supreme Court therefore should have granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Even if the defendant were somehow negligent in maintaining its premises, it had no duty to warn of any dangerous condition respecting a jump from the cliff into the lake, as the danger of jumping off a 50-foot cliff and into a lake is open and obvious and readily ascertainable by the use of one's senses. Accordingly, the infant plaintiff's conduct was the sole proximate cause of her back injuries, which she sustained upon impact with the water (*see Testaverde v Lyman,* 17 AD3d 574, 576 [2005]; *Popek v State of New York,* 279 AD2d 622 [2001]; *Rice v New York City Hous. Auth.,* 239 AD2d 400 [1997]; *de Peã v New York City Tr. Auth.,* 236 AD2d 209, 210 [1997]; *Diven v Village of Hastings-On-Hudson,* 156 AD2d 538, 539 [1989]; *Barnaby v Rice,* 75 AD2d 179, 182 [1980], *affd* 53 NY2d 720 [1981]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.