■ JENNIFER POMIANOWSKI et al., Appellants, v CITY OF NEW YORK, Respondent. [888 NYS2d 608]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated December 4, 2008, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 16, 2004 the plaintiffs' decedent, a 27-year-old who did not know how to swim, drowned in a body of water at Silver Lake Park in Staten Island. The north side of the body of water is separated from the south side by a roadway. A parapet of approximately 42 inches in height extends along each side of the roadway. The far side of the parapet is a 45-degree concrete slope that extends approximately 15 feet down to the water below, and continues at the same 45-degree angle several feet beneath the surface of the water. According to a report containing an account of the incident, the decedent reached over the parapet to retrieve an item, lost his balance, fell over the parapet, and slid or rolled down the slope into the water where he drowned. The plaintiffs commenced this action against the defendant City of New York, which owns and maintains Silver Lake Park. The Supreme Court, inter alia, granted the City's cross motion for summary judgment dismissing the complaint. We affirm.

The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to warn of a dangerous condition that can be readily observed by the reasonable use of one's senses (see Persing v City of New York, 300 AD2d 641, 642 [2002]; Sorce v Great Oak Mar., 282 AD2d 598, 599 [2001]; Doyle v State of New York, 271 AD2d 394, 395 [2000]; Tushaj v City of New York, 258 AD2d 283, 284 [1999], lv denied 93 NY2d 818 [1999]; Ackermann v Town of Fishkill, 201 AD2d 441, 443-444 [1994]). Moreover, there was no latent danger that created a duty to warn (see Morell v Peekskill Ranch, 64 NY2d 859 [1985]; Doyle v State of New York, 271 AD2d at 395-396). In any event, the City demonstrated, prima facie, that the proximate cause of the decedent's accident was his own willful behavior of engaging in hazardous conduct by reaching over the parapet, knowing full well that he was unable to swim if he

fell into the water (*see Doyle v State of New York*, 271 AD2d at 396; *Breem v Long Is. Light. Co.*, 256 AD2d 294, 295 [1998]; *Tillmon v New York City Hous. Auth.*, 203 AD2d 19, 20 [1994]; *Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539 [1989]; *Tarricone v State of New York*, 175 AD2d 308, 310 [1991]). In opposition to the City's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the City's cross motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Belen and Roman, JJ., concur.