■ JOANNA MCGRATH, Appellant, v OYSTER BAY VISITING NURSE ASSOCIATION, INC., et al., Respondents, et al., Defendant. [923 NYS2d 162]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 17, 2009, as granted those branches of the motion of the defendant Youth & Family Counseling of Oyster Bay and the cross motion of the defendants Oyster Bay Visiting Nurse Association, Inc., and Visiting Nurse Association of Oyster Bay/Glen Cove which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) from a judg-

ment of the same court dated February 23, 2010, which, upon the order, is in favor of the defendants Oyster Bay Visiting Nurse Association, Inc., and Visiting Nurse Association of Oyster Bay/Glen Cove dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants Oyster Bay Visiting Nurse Association, Inc., and Visiting Nurse Association of Oyster Bay/Glen Cove which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from so much of the order as granted that branch of the cross motion of the defendants Oyster Bay Visiting Nurse Association, Inc., and Visiting Nurse Association of Oyster Bay/Glen Cove which was for summary judgment dismissing the complaint insofar as asserted against them must be dismissed, as the right of direct appeal from that part of the order terminated with the entry of the judgment dated February 23, 2010 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order have been considered on the appeal from the judgment (see CPLR 5501 [a]).

The defendant Youth & Family Counseling of Oyster Bay (hereinafter YFCA) operated from a building located on premises owned and managed by the defendants Oyster Bay Visiting Nurse Association, Inc., and Visiting Nurse Association of Oyster Bay/Glen Cove (hereinafter together VNA). A contractor hired by VNA to repave the parking lot in front of the building erected yellow tape around the perimeter of the lot to prevent people from entering the lot while the repaving project was taking place. The plaintiff arrived at the premises and attempted to enter the building through a side door. Finding it locked, she attempted to access the front door of the building by climbing an embankment outside the perimeter of the parking lot, and was lifting up the tape while stepping over a row of Belgian blocks when she fell and allegedly sustained injuries.

A landowner has a duty to maintain his or her premises in a reasonably safe manner; however, there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (see Gutman v Todt Hill Plaza, LLC, 81 AD3d

892 [2011]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]).

YFCA and VNA, moving separately, established their prime facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the condition complained of was open and obvious, known to the plaintiff, and not inherently dangerous (*see Espada v Mid-Island Babe Ruth League, Inc.*, 50 AD3d 843 [2008]; *Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]; *Colao v Community Programs Ctr. of Long Is., Inc.*, 29 AD3d 723, 724 [2006]; *Sun Ho Chung v Jeong Sook Joh*, 29 AD3d 677, 678 [2006]), and that the plaintiff's conduct was the sole proximate cause of her injuries (*see Pomianowski v City of New York*, 67 AD3d 761, 762-763 [2009]; *Sorrentino v Paganica*, 18 AD3d 858, 859 [2005]; *Amaya v L'Hommedieu*, 6 AD3d 638, 638-639 [2004]; *Breem v Long Is. Light. Co.*, 256 AD2d 294, 295 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.* 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted those branches of the defendants' motion and cross motion, respectively, which were for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.