■ ELIAS J. FELLIS, as Administrator of the Estate of LISA M. FELLIS, Deceased, Appellant, v OLD OAKS COUNTRY CLUB, INC., et al., Respondents.—In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), entered January 30, 1989, which granted the defendants' motion to dismiss the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The facts in this case are undisputed. While exiting a bar at about 3:00 A.M. on September 9, 1986, the defendant Michael Lopez, the assistant manager of the defendant Old Oaks Country Club, Inc., invited the plaintiff's decedent to accompany him to the club for a late night snack. The decedent had been formerly employed as a waitress at the club. The club was closed, but Lopez used his set of keys to enter the premises. Other employees with keys had also brought guests back to the club after closing hours. The general manager of the club was aware of this practice but never prohibited it.

The kitchen, located on the second floor, is equipped with a dumbwaiter that is used to transport supplies from the ground floor to the kitchen. The dumbwaiter is approximately 3½ feet high, 3 feet wide and 2 feet deep. It operates by means of a push button located on the wall outside of the apparatus. Although the dumbwaiter had originally been fitted with doors at the ground level which would render the lift inoperable if not closed, the doors had been removed approximately three years prior to the accident when the dumbwaiter broke down.

The repairman had informed the general manager that the doors could not be repaired. Therefore, to remain functional, either the doors had to be permanently removed or the entire unit replaced. The general manager of the club made the decision to have the doors removed and apparently later informed the board of this decision. After the removal of the doors, Lopez and other employees regularly rode the dumbwaiter. A flight of stairs is also located near the dumbwaiter, providing access to the second-floor kitchen.

As was his practice on prior occasions when he returned to the club after closing hours to get something to eat, Lopez conducted a cursory security check to make certain the doors were locked and the windows were closed. Next, Lopez turned on the light that illuminates the stairway leading to the kitchen and instructed the decedent to use the stairs. Lopez then boarded the dumbwaiter. While standing in a crouched position, he reached outside the apparatus and activated the control button. As the dumbwaiter started to ascend to the kitchen level, the decedent attempted to jump inside. With only her upper torso inside the dumbwaiter, the decedent sustained fatal injuries when she became wedged between the ascending dumbwaiter and elevator shaft. An autopsy conducted after the accident revealed that the decedent had a blood alcohol level of .26.

A landowner has a duty to exercise reasonable care in

maintaining his property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property *(Kush v City of Buffalo,* 59 NY2d 26, 29-30; *Basso v Miller,* 40 NY2d 233, 241). However, "[t]here is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" *(see, Silver v Sheraton-Smithtown Inn,* 121 AD2d 711). The question of duty and foreseeability is for the court when the facts are undisputed and but one inference may be drawn *(Donohue v Copiague* Union Free School Dist., 64 AD2d 29, *affd* 47 NY2d 440). Here, the Supreme Court properly found that under the circumstances, the owner of the defendant country club owed no duty of care to the plaintiff since her usage of the dumbwaiter was not a reasonably foreseeable risk. The form of construction and the size of the dumbwaiter conclusively establish that it was designed solely as a freight elevator. Merely because employees, at times, rode on the dumbwaiter does not suffice to change its status from a freight elevator into a passenger elevator *(see, Losie v Royal Indem. Co.,* 183 App Div 744). It is noteworthy that the dimensions of the dumbwaiter barely sufficed to accommodate an adult. The remote possibility that a person would seek to use the subject dumbwaiter as a passenger elevator by attempting to board the ascending lift, while it was already occupied by an adult, constitutes an occurrence that is extraordinary in nature. Consequently, there was no duty owed to the plaintiff by either defendant to guard against such a remote possibility. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.