■ LAURA JACKSON et al., Appellants, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK SUPERMARKET, Respondent. [625 NYS2d 290] —In an action to recover damages, *inter alia,* for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 21, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff went to the defendant supermarket to purchase orange juice which was on sale. She went to the rear of the store where the orange juice was displayed in a refrigerated display case. The only juice left on sale was two cartons on the top shelf at the very rear of the shelf, where she could not reach. She did not see any store employees or customers in the area who could assist her, nor any step stool, so she stepped on a metal grating at the bottom of the display case to reach into the top shelf. The grating gave way under her foot, and she fell.

In opposition to the defendant's motion for summary judgment, the plaintiffs submitted deposition testimony of an assistant store manager stating that he had seen customers stand on the grating of similar refrigerated display cases in the past, and an affidavit by someone in the supermarket business for over 15 years who stated that it was well known in the industry that if items on display are beyond the reach of customers not tall enough to reach upper shelves, those customers will climb on lower shelves or step on displays to enable them to reach the product.

A shopkeeper has a general duty to maintain its premises in a reasonably safe condition, but is not the insurer of the safety of a customer (see, Hart v Grennell, 122 NY 371). In this case the display case was not defective in any way. It is clear that the accident was the result of the injured plaintiff's reckless misuse of grating in the display case as a step stool (see, Farkas v Cedarhurst Natural Food Shoppe, 41 NY2d 1041).

The plaintiffs rely on evidence that a customer's misuse of grating in a display case as a step stool was foreseeable, and contend that therefore, the defendant had a duty to warn customers against such misuse. However, foreseeability of misuse alone is insufficient to make out a cause of action (see, Bazerman v Gardall Safe Corp., 203 AD2d 56; Fellis v Old Oaks Country Club, 163 AD2d 509). Further, it is well settled that there is no duty to warn against obvious dangers (see, Wilhouski v Canon U.S.A., 212 AD2d 525; Ackermann v Town of Fishkill, 201 AD2d 441).

Accordingly, the order dismissing the plaintiffs' complaint is affirmed. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.