■ WILLIAM V. MUELLER, Appellant-Respondent, v VILLAGE OF GREENWOOD LAKE et al., Respondents-Appellants. [631 NYS2d

443] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Barone, J.), dated June 9, 1994, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated June 20, 1994, which is in favor of the defendants dismissing the complaint. The defendants cross-appeal from stated portions of the order and the judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal is dismissed, as the defendants are not aggrieved either by the order or the judgment (see, CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

After his arrest, the plaintiff was placed in a holding cell in the defendant Village of Greenwood Lake police station with another individual. Both men were handcuffed. The plaintiff's cellmate requested a cigarette, but his request was denied by a police officer. His cellmate then attempted to light a cigarette with a lighter that he had managed to retrieve from his own pocket. Unable to do so, he asked for the plaintiff's assistance. While assisting his cellmate, the plaintiff's shirt ignited and he was burned. The plaintiff subsequently commenced this action and the defendants moved for summary judgment.

The Supreme Court properly determined that the defendants owed no duty to the plaintiff to guard against the extraordinary and remote event which occurred (see, Fellis v Old Oaks Country Club, 163 AD2d 509; Silver v Sheraton-Smithtown Inn, 121 AD2d 711). Further, in opposition to the defendants' motion for summary judgment, the plaintiff did not come forward with sufficient evidence to raise an issue of fact as to whether the defendants were negligent in failing to come to his aid in a timely manner, thereby exacerbating his injuries. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.