■ MATTHEW KURSHALS et al., Appellants, v CONNETQUOT CENTRAL SCHOOL DISTRICT, Respondent. [643 NYS2d 622] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 26, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The 15-year-old plaintiff, Matthew Kurshals, was playing handball when the ball was hit onto the roof of the Peconic Street Junior High School in Ronkonkoma. This plaintiff had attended the school and knew that there were skylights on the roof. When he climbed up to the first level of the roof, he observed the skylights, which were four-foot by four-foot plastic domes. He then climbed up to the second level of the roof, where he stepped on a skylight and fell through to the gym floor below.

A landowner has a duty to exercise reasonable care in maintaining his property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property (*see, Basso v Miller,* 40 NY2d 233; *Fellis v Old Oaks Country Club,* 163 AD2d 509). Encompassed in this duty

is a duty to warn of potentially dangerous conditions (*see, Basso v Miller, supra,* at 241; *Thornhill v Toys "R" Us NYTEX,* 183 AD2d 1071). There is, however, no duty to warn against a condition which is readily observable or an extraordinary occurrence, which "would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Fellis v Old Oaks Country Club, supra,* at 511).

The skylight was not defective in any way. It was not an unobservable dangerous condition. Rather, it is clear that the accident was the result of the injured plaintiff's misuse of the skylight, which was an extraordinary occurrence that need not have been guarded against.

The plaintiffs rely on evidence that the misuse was foreseeable, because the defendant was aware that children sometimes climbed up onto the roof. "However, foreseeability of misuse alone is insufficient to make out a cause of action" (*Jackson v Supermarkets Gen. Corp.,* 214 AD2d 650, 651).

Accordingly, the complaint was properly dismissed. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.