■ Rose Rovegno, Appellant, v Church of the Assumption, Respondent. [703 NYS2d 496] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mastro, J.), entered October 20, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff exited the rear of the defendant church and found herself locked inside the parking lot. She reached through the bars of a mechanical gate to place a key in the lock on the outside of the gate, and the gate slid open, injuring her arm. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

"A landowner has a duty to exercise reasonable care in maintaining his property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593; *see also, Basso v Miller,* 40 NY2d 233; *Fellis v Old Oaks Country Club,* 163 AD2d 509). "There is, however, no duty to warn against a condition which is readily observable or an extraordinary occurrence, which 'would not suggest itself to a reasonably careful and prudent person as one which should be guarded against' " (*Kurshals v Connetquot Cent. School Dist., supra,* at 594, quoting *Fellis v Old Oaks Country Club, supra,* at 511).

The evidence presented by the defendant established that the accident was the result of the plaintiff's misuse of the gate, which was an extraordinary occurrence that need not have been guarded against (*see, Kurshals v Connetquot Central School Dist., supra; Freeman v Cobos,* 240 AD2d 698; *Jackson*

*v Supermarkets Gen. Corp.,* 214 AD2d 650). The conclusory statements of the plaintiff's expert based on "established principles of machine guarding and safety engineering" were insufficient to show that the subject gate did not conform to the relevant industry safety standards (*see, Finguerra v Conn,* 252 AD2d 463; *Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346). Moreover, the plaintiff had used the key to open the gate numerous times without incident, and she offered no evidence of similar accidents involving the gate. Under the circumstances, the Supreme Court properly granted the defendant's motion for summary judgment. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.