OPINION OF THE COURT
Jerald S. Carter, J.
Defendant Kinko’s Inc.’s motion for an order pursuant to CPLR 3212 granting defendant Kinko’s, Inc. (Kinko’s) summary judgment and dismissing the plaintiff’s complaint and any cross claims is granted.
*747 Plaintiffs complaint alleges in the second cause of action that Kinko’s “did cause, allow, permit and/or participate in faxing the aforesaid sexually explicit photography through their negligence and/or carelessness.” (Complaint 21.) As noted by the Appellate Division in Gordon v Muchnick (180 AD2d 715 [1992]),
“To prove a prima facie case of negligence, the plaintiff must establish the existence of a duty on the defendant’s part to the plaintiff, the breach of the duty, and that the breach of the duty was a proximate cause of an injury to the plaintiff (see, Akins v Glens Falls City School Dist., 53 NY2d 325). Absent a duty of care, there can be no breach and no liability. Although the court, as a threshold matter, must decide whether one party owes a duty of care to another where the facts are undisputed and but one inference may be drawn, the question of duty is not for the court as a matter of law where the facts are disputed (see, Fellis v Old Oaks Country Club, 163 AD2d 509; cf., Pulka v Edelman, 40 NY2d 781, 782; Donohue v Copiague Union Free School Dist., 64 AD2d 29, 33, affd 47 NY2d 440 [where facts undisputed, duty held a question of law for the court]).”
Kinko’s moves for summary judgment on the ground that it had no duty to the plaintiff to screen, edit, approve, or censor any material that the defendant Katz or any other member of the public seeks to transmit electronically over Kinko’s equipment.
Plaintiff, on the other hand, urges the court that Kinko’s had such a duty; that this “not me” attitude must end. In essence, plaintiff’s counsel requests the court to establish precedent directing that Kinko’s has a duty to censor the contents of customer mailings that are sent electronically.
Under the undisputed facts of this case, it cannot be held that Kinko’s had any duty toward the plaintiff. Kinko’s provides a service to its commercial customers — providing accessibility to electronic transmission lines. It is undisputed that the purchaser of this service — in this case defendant Katz — on his own and without any assistance from any employee of Kinko’s inserted the pictures into the facsimile machine, dialed various facsimile numbers relating to the plaintiff’s work and other destinations and sent them. It must be emphasized that Kinko’s employees never handled the pictures nor observed same as defendant Katz sent the pictures over the transmission lines.
*748 Much like the person who deposits a letter into a United States Postal Service mailbox or mails a package through a private mailing service, the customer utilizing a facsimile service pays a fee and then deposits his document into an electronic mailbox for the purpose of having the documents sent to a distant destination. Each has the expectation of privacy in sending such documents or packages, without fear that a third-party “post office” will examine same prior to forwarding the materials.
On the other hand, should the “customer-mailer” break the law in sending certain materials, he subjects himself to sanctions. However, the “post office” cannot be held liable for the misdeeds of others absent actual/constructive knowledge.
Here, there is no evidence that Kinko’s had any prior actual or constructive knowledge of the nature of the photographs that were sent by Katz over Kinko’s facsimile machine.
Accordingly, the motion is granted and the plaintiffs complaint and all cross claims are dismissed as against defendant, Kinko’s. The action is severed and continued as against Katz.