■ KRISTOPHER NEGIN et al., Respondents, v NEW YORK AQUARIUM et al., Appellants. (And a Third-Party Action.) [771 NYS2d 716]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 14, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 3, 1992, the 13-year-old plaintiff Kristopher Negin went on a class field trip to the New York Aquarium where he was allegedly injured while attempting to jump over a bright yellow chain. The chain was about 2½ to 3 feet above the ground, and it served to prevent entry into a building. The Supreme Court denied the defendants' motion for summary judgment, finding that triable issues of fact existed. We disagree.

The defendants demonstrated, prima facie, that the chain was not defective and that the risks of jumping over it were readily perceivable by the infant plaintiff. Thus, they had no duty to warn the infant plaintiff of the chain's condition or the risks of his own behavior (see Gibbons v Lido & Point Lookout Fire Dist., 293 AD2d 646 [2002]; Garry v Rockville Ctr. Union Free School Dist., 272 AD2d 437, 438 [2000]; Plessias v Scalia Home for Funerals, 271 AD2d 423 [2000]; Rovegno v Church of the Assumption, 268 AD2d 576 [2000]; Reuscher v Pergament Home Ctrs., 247 AD2d 603 [1998]; Moran v County of Dutchess, 237 AD2d 266 [1997]; Kurshals v Connetquot Cent. School Dist., 227 AD2d 593, 594 [1996]; Jackson v Supermarkets Gen. Corp., 214 AD2d 650, 651 [1995]; cf. Cupo v Karfunkel, 1 AD3d 48 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the defendants were entitled to summary judgment. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.