■ JOHN REYNOLDS et al., Appellants, v ATLANTIS MARINE WORLD, LLC, Respondent. [815 NYS2d 227]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 23, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff John Reynolds burned the tip of his left index finger on a sterno burner underneath a chafing dish. Two weeks later, he visited the defendant's aquarium with his family, where he placed his injured left hand into a "touch tank" to pet a stingray. Approximately one week thereafter, Reynolds developed a severe infection on his left index finger, which resulted in several surgeries. The infection was caused by Mycobacterium marinum, a bacteria typically associated with aquatic environments. The plaintiffs commenced this action against the defendant alleging that the defendant was negligent in failing to warn of the danger of Mycobacterium marinum in the touch tank and failing to have antibacterial cleansing agents by the tank to prevent infection. The defendant moved for summary judgment dismissing the complaint, arguing it had no duty to warn or protect as there was no foreseeable risk that the plaintiff would get infected. The Supreme Court granted the motion.

In determining whether a duty to warn or protect exists, a court must " 'tak[e] into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm' " (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003], quoting *Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). Generally, a risk is foreseeable only when it could reasonably be anticipated (*see Di Ponzio v Riordan*, 89 NY2d 578 [1997]; *Danielenko v Kinney Rent A Car*, 57 NY2d 198 [1982]). This is because "the law draws a line between remote possibilities and those that are reasonably foreseeable because '[n]o person can be expected to guard against harm from events which are . . . so unlikely to occur that the risk . . . would commonly be disregarded' " (*Di Ponzio v Riordan, supra* at 583, quoting Prosser and Keeton, Torts § 31, at 170 [5th ed]).

Here, the defendant met its initial burden by providing evidence that the risk of infection was unforeseeable, as an infec-

tion by Mycobacterium marinum at a public aquarium had never occurred and cases of that infection in general were exceedingly rare. In opposition, the plaintiffs failed to establish a triable issue of fact as to foreseeability. The conclusions and opinions expressed by the plaintiff's expert were speculative and insufficient to defeat summary judgment (*see Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1995]; *Horth v Mansur*, 243 AD2d 1041 [1997]). Accordingly, the Supreme Court properly granted the defendant's motion.

In light of our determination, we need not reach the plaintiffs' remaining contention. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.