■ MARIA JILMA RIVAS-CHIRINO, Respondent, v WILDLIFE CONSERVATION SOCIETY, Appellant. [883 NYS2d 552]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 12, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured while visiting the baboon exhibit at the Prospect Park Zoo, which was owned and operated by the defendant. The viewing area of that exhibit consisted of concrete bleacher seating, constructed unevenly to simulate a jungle setting, located between two wooden staircases. When the plaintiff attempted to leave, she chose to descend by stepping down the bleacher seats, rather than either staircase, because the closest staircase "was just full of people." She fell from the first step of the concrete seating area because of what she alleged to be a cracked or missing a portion of the concrete bleacher seating. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding that triable issues of fact exist. We reverse.

A landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Espinoza v Hemar Supermarket, Inc.*, 43 AD3d 855 [2007]; *Sclafani v Washington Mut.*, 36 AD3d 682 [2007]; *Fernandez v Edlund*, 31 AD3d 601, 602 [2006]; *Orlando v Audax Constr. Corp.*, 14 AD3d 500, 501 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]; *Rovegno v Church of Assumption*, 268 AD2d 576 [2000]), or where the allegedly dangerous condition can be recognized simply as a matter of common sense (*see Smith v Stark*, 67 NY2d 693 [1986]; *Bazerman v Gardall Safe Corp.*, 203 AD2d 56, 57 [1994]).

Here, the defendant submitted evidence sufficient to establish its entitlement to judgment as a matter of law by demonstrating that the condition complained of in the concrete bleacher seating area of the baboon exhibit was open and obvious, its nature was readily observable to those employing the reasonable use of their senses, and it did not present an undue risk of

harm (*see Gagliardi v Walmart Stores, Inc.*, 52 AD3d 777 [2008]; *Espinoza v Hemar Supermarket, Inc.*, 43 AD3d at 855; *Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 661 [2007]; *Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]). Accordingly, the defendant had no duty to warn the plaintiff of the risk of her behavior (*see Negin v New York Aquarium*, 4 AD3d 511 [2004]), nor was her misuse of the seating area as steps foreseeable (*see Jackson v Supermarkets Gen. Corp.*, 214 AD2d 650, 651 [1995]; *Bazerman v Gardall Safe Corp.*, 203 AD2d at 57; *see also Farkas v Cedarhurst Natural Food Shoppe*, 41 NY2d 1041 [1977]).

The affidavit submitted by the plaintiff's expert in opposition to the defendant's motion was speculative and conclusory. The expert's conclusions were supported by neither empirical data nor any relevant industry standard and did not allege the violation of any applicable statute or regulation. Further, the expert's affidavit failed to explain how he had reached the conclusions that he did. Accordingly, the plaintiff failed to raise a triable issue of fact (*see Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]; *Rochford v City of Yonkers*, 12 AD3d 433, 433-434 [2004]). Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.