■ HILDA MARITZA BARZOLA, Appellant, v CITY OF NEW YORK et al., Respondents. [912 NYS2d 596]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered June 16, 2009, which granted that branch of the motion of the defendants MBA Vernon Boulevard, LLC, and Costco Wholesale Corp. and that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured on June 30, 2006, in a public-access area near the East River on property owned by the defendant MBA Vernon Boulevard, LLC (hereinafter MBA Vernon), and leased to the defendant Costco Wholesale Corp. (hereinafter Costco), which operated a store on the premises. After shopping at the Costco store, the plaintiff walked from the

Costco parking lot down two steps to a promenade located between the parking lot and the East River. When she attempted to return to the parking lot, however, she followed a different route, instead walking across a grassy area on the promenade which was bordered by an 11-inch-high retaining wall. As she stepped onto the retaining wall, she allegedly fell when her foot became caught in a hole in the surface of the top of the wall.

The plaintiff commenced this action to recover damages for her personal injuries against MBA Vernon, Costco (hereinafter together the store defendants), and the City of New York. The Supreme Court, inter alia, granted those branches of the store defendants' motion and the City's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court determined that all of the defendants established that the area where the plaintiff fell was not intended for pedestrian traffic and that, therefore, they had no duty to maintain it as such. We affirm.

"[A] landowner has a duty to exercise reasonable care in maintaining his own property in a reasonably safe condition under the circumstances" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). "The nature and scope of that duty and the persons to whom it is owed require consideration of the likelihood of injury to another from a dangerous condition on the property, the seriousness of the potential injury, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property" (*Galindo v Town of Clarkstown*, 2 NY3d at 636; *see Kush v City of Buffalo*, 59 NY2d 26, 29-30 [1983]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by showing that the retaining wall where the plaintiff was injured was not intended for pedestrian traffic, and that the alleged defect at issue did not present a substantial likelihood of injury to another (*see Galindo v Town of Clarkstown*, 2 NY3d at 636; *see also Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556, 557 [2009]; *Moran v State Duct Corp.*, 41 AD3d 440, 441 [2007]; *Rosenbloom v City of New York*, 254 AD2d 474, 475 [1998]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court correctly granted those branches of the motion and cross motion which were for summary judgment dismissing the complaint. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.