■ SKYLAR HARRIS, an Infant, by His Father and Natural Guardian, GEOFFREY HARRIS, et al., Respondents, v DEBBIE's CREATIVE CHILD CARE, INC., Defendant, and PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Appellant. [928 NYS2d 583]—

On the evening of May 6, 2008, at about 6:30 P.M., the nine-year-old plaintiff (hereinafter the infant plaintiff) was on the grounds of Jamaica Avenue School in Plainview to watch his brother's T-ball game. These grounds, owned and maintained by the defendant Plainview-Old Bethpage Central School District (hereinafter the School District), contained a fenced-in playground which the School District leased to the defendant Debbie's Creative Child Care, Inc. That evening, the School District had locked the gates to the playground fence at closing time, 5:00 P.M. The infant plaintiff, finding the gates locked, allegedly attempted to enter the closed playground by climbing onto a picnic table, which was adjacent to the fence and secured to it by a chain and lock. When his foot became caught between the table and the fence, he fell, and was injured. There was no evidence that the picnic table or fence was in any way defective.

The School District cross-moved for summary judgment dismissing the complaint insofar as asserted against it and, in the order appealed from, the Supreme Court, inter alia, denied the cross motion, determining that the School District failed to establish its prima facie entitlement to judgment as a matter of law. We reverse the order insofar as appealed from.

A landowner has a duty to exercise reasonable care in maintaining its property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property (*see Rovegno v Church of Assumption*, 268 AD2d 576 [2000]; *Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593 [1996]; *see also Basso v Miller*, 40 NY2d 233, 241 [1976]). "There is, however, no duty to warn against a condition which is readily observable or an extraordinary occurrence, which would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Rovegno v Church of Assumption*, 268 AD2d at 576 [internal quotation marks omitted]; *see Kurshals v Connetquot Cent. School Dist.*, 227 AD2d at 594). Here, the School District established prima facie entitlement to judgment as a matter of law with evidence that the picnic table and fence were not defective and the School District had no duty to warn the infant plaintiff of the risks of his own behavior, which were readily perceivable (*see Negin v New York Aquarium*, 4 AD3d 511 [2004]; *Kurshals v Connetquot Cent. School Dist.*, 227 AD2d at 594).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit of the plaintiffs' expert in opposition to the cross motion was speculative and conclusory, in that his opinions were not supported by empirical data or any relevant industry standard (*see Fotiatis v Cambridge Hall Tenants Corp.*, 70 AD3d 631, 632 [2010]; *Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556, 558 [2009]). Accordingly, the Supreme Court should have granted the School District's cross motion. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.