■ CHARLES H. TOES, Respondent, v NATIONAL AMUSEMENTS, INC., Appellant. [941 NYS2d 666]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 8, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when attempting to reach a seat located in a movie theater owned and operated by the defendant. Instead of using the aisle and walking to his desired seat, down the row of seats in which he intended to sit, the plaintiff chose to cut through an elevated area reserved for individuals with disabilities. The plaintiff testified at his deposition that he observed a metal railing which separated the reserved area from the row of seats in which he desired to sit, but that he attempted to enter that row of seats by moving sideways through a one-foot gap between the end of the railing and a different row of seats adjacent to the reserved seating area. The plaintiff alleged that he was injured by the elevation differential between the reserved seating area and the row of seats adjacent to the reserved seating area.

A landowner has a duty to exercise reasonable care in maintaining its property in a safe condition under all the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property (*see Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d 615, 616 [2011]; *Rovegno v Church of Assumption*, 268 AD2d 576, 576 [2000]; *see also Basso v Miller*, 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn

against an open and obvious condition which, as a matter of law, is not inherently dangerous or where the allegedly dangerous condition can be recognized simply as a matter of common sense (*see Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556, 557 [2009]; *Bazerman v Gardall Safe Corp.*, 203 AD2d 56, 57 [1994]). Furthermore, there is no duty to warn against an extraordinary occurrence, which would not suggest itself to a reasonably careful and prudent person as one which should be guarded against (*see Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d at 616; *Rovegno v Church of Assumption*, 268 AD2d at 576; *Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593, 594 [1996]; *Fellis v Old Oaks Country Club*, 163 AD2d 509, 511 [1990]).

Here, the defendant established, prima facie, its entitlement to judgment as a matter of law by submitting evidence, inter alia, in the form of the plaintiff's deposition testimony, an expert's affidavit, and photographs which showed the area where the plaintiff was allegedly injured. The defendant established that the route taken by the plaintiff was not intended for pedestrian through traffic, and, in any event, that the allegedly dangerous condition did not present a substantial likelihood of injury to another (*see Farkas v Cedarhurst Natural Food Shoppe*, 41 NY2d 1041, 1041-1042 [1977]; *Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d at 616; *Barzola v City of New York*, 78 AD3d 977, 978 [2010]; *Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d at 557; *Rovegno v Church of Assumption*, 268 AD2d at 576; *Jackson v Supermarkets Gen. Corp.*, 214 AD2d 650, 651 [1995]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit of the plaintiff's expert in opposition to the motion was speculative and conclusory, as his conclusions were supported by neither empirical data nor any relevant industry standard, and he did not allege the violation of any applicable statute or regulation (*see Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d at 616; *Fotiatis v Cambridge Hall Tenants Corp.*, 70 AD3d 631, 632 [2010]). Further, the expert's affidavit submitted by the plaintiff failed to explain how he had reached the conclusions that he did (*see Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d at 557). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Belen, Hall and Miller, JJ., concur.