■ Nicolette Milligan et al., Appellants, v Harborfields Central School District et al., Respondents, et al., Defendants. [962 NYS2d 664]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 12, 2011, as granted the motion of the defendants Harborfields Central School District and Washington Drive Primary School for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Harborfields Central School District and Washington Drive Primary School (hereinafter together the school defendants) established their prima facie entitlement to judgment as a matter of law by showing that they acted as a reasonable parent would in comparable circumstances in allowing the eight-year-old infant plaintiff to use monkey bars (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669 [2012]; *Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756 [2012]). The school defendants submitted expert evidence demonstrating that the monkey bars were appropriate for the infant plaintiff's age group, and were not defective (*see Troiani v White Plains City School Dist.*, 64 AD3d 701 [2009]; *Newman v Oceanside Union Free School Dist.*, 23 AD3d 631 [2005]).

In opposition, the plaintiffs did not raise a triable issue of fact. The affidavit of the plaintiffs' expert did not establish that he possessed the requisite skill, training, education, knowledge, or experience from which it can be assumed that the information imparted or the opinion rendered is reliable (*see O'Boy v*

*Motor Coach Indus., Inc.*, 39 AD3d 512 [2007]; *Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]). Furthermore, his opinion that children of the infant plaintiff's age should not have been allowed to continue to use the monkey bars due to the number of children who fell off the monkey bars each day was conclusory and unsupported by any empirical data or relevant industry standard (*see Toes v National Amusements, Inc.*, 94 AD3d 742 [2012]; *Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d 615 [2011]).

Accordingly, the Supreme Court properly granted the school defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.