In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Adler, J.), entered December 9, 2011, which granted the motion of the defendant City of White Plains for summary judgment dismissing the complaint insofar as asserted against it.
*927 Ordered that the order is affirmed, with costs.
The plaintiff Suzanne Brande allegedly was injured when she tripped over a speed bump located inside an indoor parking garage owned by the defendant City of White Plains. The speed bump was bright yellow in color, 2 inches high, 10 inches wide, and 72 inches long. The plaintiffs commenced this action against, among others, the City. The City moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion.
While a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241 [1976]; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 557 [2009]), there is no duty on the part of a landowner to warn against an open and obvious condition, such as a speed bump, that is readily observable by those employing the reasonable use of their senses and is not inherently dangerous (see Buccino v City of New York, 84 AD3d 670 [2011]; Rivera v City of New York, 57 AD3d 281, 282 [2008]; Bastone v 1144 Yonkers Ave., 266 AD2d 327 [1999]; see also Toes v National Amusements, Inc., 94 AD3d 742, 742-743 [2012]; Vidal v Lakeside Plaza, Inc., 48 AD3d 456 [2008]; Zimkind v Costco Wholesale Corp., 12 AD3d 593 [2004]). Here, the City made a prima facie showing that the speed bump was open and obvious and not inherently dangerous.
In opposition, the plaintiffs failed to raise a triable issue of fact. “[A] party’s failure to disclose its experts pursuant to CPLR 3101 (d) (1) (i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party’s experts in the context of a timely motion for summary judgment” (Rivers v Birnbaum, 102 AD3d 26, 31 [2012]). However, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in declining to consider the affidavit of the plaintiffs’ expert which was submitted after the filing of the note of issue and certificate of readiness. Accordingly, the Supreme Court properly granted the City’s motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the plaintiffs’ remaining contentions. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.