Deschamps v Timberwolf Tree & Tile Serv. (2019 NY Slip Op 04133)





Deschamps v Timberwolf Tree & Tile Serv.


2019 NY Slip Op 04133


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05934
 (Index No. 54129/14)

[*1]Francisco Deschamps, appellant, 
v
Timberwolf Tree & Tile Service, et al., respondents.


Martin & Colin, P.C., White Plains, NY (Caitriona Robbins of counsel), for appellant.
Mead Hecht Conklin & Gallagher, LLP, White Plains, NY (Elizabeth M. Hecht of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 26, 2016. The judgment, insofar as appealed from, upon an order of the same court dated April 14, 2016, inter alia, granting those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action, is in favor of the defendants and against the plaintiff dismissing those causes of action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking damages for personal injuries he alleged he sustained as he was descending a set of grated steps that were built onto the rear outside panel of a tree-trimming truck. According to the plaintiff, he ascended the steps and lowered a ladder from the roof of the truck. Thereafter, as he was descending the steps, he reached for a metal grab bar below one of the steps, and a ring on one of his fingers became caught on one of the spiked metal ridges on the surface of the grated step; as a result, his finger was severed. The plaintiff alleged, inter alia, that the defendants owned the truck, which they rented or loaned to nonparty Eric Perez. Perez employed the plaintiff to assist him in providing tree-trimming services.
As is relevant to this appeal, the defendants moved for summary judgment, inter alia, dismissing the first, second, and third causes of action, which alleged negligence, negligent entrustment, and failure to warn, respectively. The Supreme Court, among other things, granted those branches of the motion and thereafter entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from so much of the judgment as dismissed the causes of action alleging negligence, negligent entrustment, and failure to warn. On appeal, the plaintiff expressly contends that he does not assert that the steps on the truck were defective or improperly maintained.
"Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was [a proximate] cause of the event which produced the harm" (Sheehan v City of New York, 40 NY2d 496, 501). Thus, " liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its [*2]causes'" (Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298, quoting Ely v Pierce, 302 AD2d 489, 489; see Rodriguez v Hernandez, 37 AD3d 809, 810). Further, "proximate cause is no less essential an element of liability because the negligence charged is premised in part or in whole on a claim that a statute or ordinance . . . has been violated" (Sheehan v City of New York, 40 NY2d at 501).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligence and negligent entrustment through the deposition testimony of the plaintiff. At his deposition, the plaintiff testified that he had previously used the truck with Perez, was familiar with it from his work, and had never noticed any problem with the steps at issue. Thus, even if the defendants were negligent in operating a tree-trimming business without a license or in lending or renting or entrusting the truck to Perez, such negligent acts only furnished the occasion for the plaintiff's accident (see Montalvo v United Parcel Serv., Inc., 117 AD3d 1004, 1005; Castillo v Amjack Leasing Corp., 84 AD3d at 1298), but were not a proximate cause of the accident. The defendants additionally demonstrated, prima facie, that they did not have any "special knowledge concerning a characteristic or condition peculiar to [Perez] which render[ed] [his] use of the [truck] unreasonably dangerous," as is required to establish a negligent entrustment cause of action (Zara v Perzan, 185 AD2d 236, 237). In opposition, the plaintiff failed to raise a triable issue of fact as to either negligence or negligent entrustment.
With respect to the cause of action alleging a violation of the defendants' duty to warn, the defendants demonstrated, prima facie, through the deposition testimony of the plaintiff, that any danger posed by the stairs was open and obvious and known to the plaintiff from his prior use of the truck (see Ramirez v Creative Linen House, Inc., 170 AD3d 913, 913; Toes v National Amusements, Inc., 94 AD3d 742, 743). Moreover, the plaintiff's accident was an "extraordinary occurrence" (Toes v National Amusements, Inc., 94 AD3d at 743; see Reynolds v Atlantis Mar. World, LLC, 29 AD3d 770, 771-772). "[T]here is no duty to warn against an extraordinary occurrence, which would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (Toes v National Amusements, Inc., 94 AD3d at 743). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the judgment insofar as appealed from.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court