Boris L. v AMC Entertainment Holdings, Inc. (2022 NY Slip Op 05080)

Boris L. v AMC Entertainment Holdings, Inc.

2022 NY Slip Op 05080

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-08549
 (Index No. 714414/18)

[*1]Boris L. (Anonymous), etc., respondent,
v
AMC Entertainment Holdings, Inc., et al., appellants.

Kennedys CMK LLP, New York, NY (Sean T. Burns and Stephanie M. Hibbert of counsel), for appellants.
Eisenberg & Baum, LLP, New York, NY (Sagar Shah of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered October 23, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On April 26, 2016, the plaintiff allegedly sustained injuries when he fell from an escalator at the defendants' movie theater in Manhattan. At the time, the plaintiff, who was 15 years old, was riding the escalator down in an improper manner. Surveillance footage showed him sitting on the right rail, with his feet up on the left rail. He leaned against a wall on the right side as he rode down the escalator. Approximately halfway down, the wall came to an end, and the plaintiff fell backward, landing on the floor.
The plaintiff, by his mother and natural guardian, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that neither the wall nor the escalator were in a defective condition and that the plaintiff's conduct was the sole proximate cause of the accident. The Supreme Court denied the motion. The defendants appeal.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764; Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114). Here, the defendants established, prima facie, that the escalator and the adjacent wall were not in violation of any applicable statutes or regulations and that they maintained their premises in a reasonably safe condition (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d at 764; Gaither-Angus v Adelphi Univ., 180 AD3d 875, 876). In opposition, the plaintiff failed to raise a triable issue of fact as to [*2]whether the defendants violated their common-law duty to maintain the premises in a reasonably safe condition (see Toes v National Amusements, Inc., 94 AD3d 742, 743; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558). The affidavit of the plaintiff's expert was speculative and insufficient to raise a triable issue of fact (see Lorenzo v Garley, 190 AD3d 847, 848; Toes v National Amusements, Inc., 94 AD3d at 743).
Contrary to the plaintiff's contention, the motion was not premature (see CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Bentick v Gatchalian, 147 AD3d 890, 892).
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court