## Irizarry v New York City Sch. Constr. Auth.

2025 NY Slip Op 31287(U)

April 15, 2025

Supreme Court, New York County

Docket Number: Index No. 150846/2022

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**                          PART                        05M
                                    *Justice*

-----------------------------------------------------------------------------X

EUNICE IRIZARRY,                                            INDEX NO.          150846/2022

                              Plaintiff,                    MOTION DATE            N/A

                                                            MOTION SEQ. NO.         001
              - v -

THE NEW YORK CITY SCHOOL CONSTRUCTION
AUTHORITY, NEW YORK CITY DEPARTMENT OF               **DECISION + ORDER ON**
EDUCATION, THE CITY OF NEW YORK                            **MOTION**

                              Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37

were read on this motion for                           SUMMARY JUDGMENT                         .

Defendant New York City School Construction Authority ("NYCSCA") moves, pursuant to CPLR § 3212, for summary judgment dismissing the complaint of Plaintiff Eunice Irizarry ("Plaintiff") and all cross-claims asserted against it by co-defendants the City of New York and the New York City Department of Education (collectively, "City Defendants"). NYCSCA also seeks costs based on Plaintiff's and co-defendants' refusal to voluntarily discontinue the action as against it.

## BACKGROUND AND PROCEDURAL HISTORY

This personal injury action arises from an incident on March 8, 2021, when Plaintiff allegedly tripped and fell on a raised sidewalk flag located on Lexington Avenue between East 119th Street and East 120th Street in Manhattan, adjacent to the Samuel Stern School, also known as Public School 007 ("PS 007"), located at 160 East 120th Street.

Plaintiff served a notice of claim on NYCSCA, the City, and New York City Department of Education ("DOE"), on June 4, 2021. A 50-h hearing of Plaintiff was conducted on August 13, 2021. Plaintiff then commenced this action by summons and complaint on January 28, 2022. NYCSCA answered on March 10, 2022; the City and DOE answered on June 17, 2022.

Plaintiff subsequently served NYCSCA with a notice to admit on November 1, 2022, which NYCSCA responded to on January 23, 2023. The instant motion for summary judgment was filed on January 15, 2025. Plaintiff opposed the motion by affirmation dated January 30, 2025. NYCSCA submitted a reply on March 12, 2025.

[* 1]

## ARGUMENTS

NYCSCA, as the moving party, contends that it is entitled to summary judgment as a matter of law because it neither owed a duty to the Plaintiff nor undertook any action that could give rise to liability under either statutory or common law theories. NYCSCA asserts that it did not own, operate, manage, maintain, or control the property at or near the location of Plaintiff's alleged accident—namely, the public sidewalk adjacent to the Samuel Stern School (P.S. 007) located at 160 East 120th Street. In support of this contention, NYCSCA relies on the sworn affidavit of Dennis Lorie, a Project Officer for the agency, who avers with specificity and personal knowledge that the only activities conducted under NYCSCA's purview at P.S. 007 were limited to internal construction work consisting of the installation of electrical conduits and air conditioning units in February 2021. Critically, that work was performed solely inside the building by third-party contractors—Liro Construction and the McCloud Group—and did not involve any alterations, maintenance, or repairs to the adjacent sidewalk. NYCSCA emphasizes that there is no evidence suggesting that its activities caused or created the alleged sidewalk defect, and therefore, under the relevant authorities interpreting Administrative Code § 7-210 and *Espinal v. Melville Snow Contractors, Inc.*, 98 NY2d 136 (2002), there is no legal basis for liability to attach.

In opposition, Plaintiff argues that summary judgment is inappropriate because questions of fact remain as to the true ownership of the subject premises. Plaintiff relies upon two public records—a 2018 Zoning Lot Description and Statement of Ownership filed with the City Register and correspondence from the New York State Department of Taxation and Finance—both of which purportedly identify NYCSCA as the owner of P.S. 007. Plaintiff asserts that these documents raise a triable issue of material fact concerning ownership, which in turn implicates the non-delegable duty to maintain the adjacent sidewalk pursuant to Administrative Code § 7-210. Moreover, Plaintiff contends that NYCSCA failed to adequately address or rebut the implications of these documents in its moving papers, thereby failing to satisfy its initial burden on summary judgment. Additionally, Plaintiff contends that the motion is premature under CPLR § 3212(f) because no party depositions have yet been conducted, including those of NYCSCA personnel, and critical facts concerning NYCSCA's alleged ownership or operational control of the premises remain peculiarly within its knowledge. Plaintiff urges that a grant of summary judgment prior to the completion of discovery would be fundamentally unfair and would deprive her of a full and fair opportunity to develop the evidentiary record.

In reply, NYCSCA maintains that Plaintiff's opposition is rooted in speculative inference rather than competent evidence. It reiterates that its agency role is strictly limited to capital construction management and not property ownership or operational control. NYCSCA explains that the documents referenced by Plaintiff were filed or received in its administrative capacity acting on behalf of the DOE, which is the true fee owner and operator of the premises. This is confirmed not only by the Lorie affidavit but also by NYCSCA's sworn responses to Plaintiff's notice to admit. Moreover, the City Defendants themselves have admitted in their answer that the property is owned by the City and operated by DOE. NYCSCA emphasizes that it never undertook sidewalk repairs, nor was it contractually responsible for sidewalk maintenance. As such, NYCSCA contends that Plaintiff's reliance on § 7-210 is misplaced. It further argues that none of the three *Espinal* exceptions—which could otherwise extend liability to a third-party contractor—are remotely applicable here, as there is no evidence that NYCSCA launched a force or instrument

150846/2022   IRIZARRY, EUNICE vs. THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY ET AL
Motion No.  001

Page 2 of 5

2 of 5

[* 2]

of harm, was detrimentally relied upon by Plaintiff, or assumed any comprehensive maintenance obligations. Finally, NYCSCA contends that Plaintiff has failed to identify any particular discovery that could yield material facts not already disproven by the documentary record, and that speculative assertions of informational asymmetry are insufficient to defeat a well-supported motion for summary judgment.

## DISCUSSION

A motion for summary judgment must be granted if the moving party establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law (CPLR § 3212[b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The evidence must be viewed in the light most favorable to the non-moving party (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]). Once the movant has made a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the opponent to produce evidentiary proof in admissible form sufficient to require a trial of material issues of fact (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]).

### I. Ownership or Duty Under Administrative Code § 7-210

Administrative Code § 7-210 imposes a non-delegable duty on property owners to maintain abutting sidewalks. However, this obligation only applies to "owners of real property abutting any sidewalk" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 173-74 [2019]; *Tropper v Henry St. Settlement*, 190 AD3d 623 [1st Dept 2021]). NYCSCA has established through the affidavit of Dennis Lorie and the notice to admit responses that it did not and does not own the subject property, nor did it ever operate, maintain, or control it.

Although Plaintiff relies on a 2018 zoning document listing NYCSCA as owner, the affidavit of Lorie explains that NYCSCA filed zoning documents on DOE's behalf in connection with work performed at the premises. In fact, the very exhibit Plaintiff offers from the Department of Taxation and Finance lists DOE—not NYCSCA—as the owner. Likewise, ownership as a matter of law must be assessed as of the date of the incident (*Vargas v Weishaus*, 199 AD3d 620, 623-24 [1st Dept 2021]). In its papers and during oral argument before the court on April 15, 2025, NYCSCA emphasized that it is undisputed that it was not the owner of the property on the date of the incident in March 2021. NYCSCA has set forth a prima facie showing on this issue, and there is no admissible evidence rebutting NYCSCA's sworn proof that DOE was the true owner on March 8, 2021. Thus, there is no viable statutory basis for liability under § 7-210 against NYCSCA.

### II. Common Law Liability Under *Espinal*

A contractor that does not own the premises may only be liable under three limited exceptions described in *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 (2002): 1.) Launching a force or instrument of harm; 2.) Detrimental reliance by the plaintiff on the contractor's continued performance; or 3.) Displacing the duty of another to maintain the premises safely.

**150846/2022   IRIZARRY, EUNICE vs. THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

NYCSCA has made a prima facie showing that none of the three narrowly drawn exceptions to the general rule precluding liability for third-party contractors, as articulated in *Espinal*, 98 NY2d 136, *supra*, are applicable here. Specifically, NYCSCA neither launched a force or instrument of harm, nor did Plaintiff detrimentally rely on NYCSCA's continued performance of any duty, nor did NYCSCA displace another party's obligation to maintain the premises in a safe condition. Plaintiff has failed to create an issue of fact under any of the *Espinal* exceptions. The evidence, including Plaintiff's own testimony, confirms that the only NYCSCA-managed work at PS 007 involved internal electrical and HVAC installation unrelated to the accident site. There is no evidence NYCSCA launched or exacerbated a hazardous condition on the sidewalk (*Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469 [1st Dept 2008]). Likewise, there is no indication that Plaintiff was aware of any NYCSCA contractual duties such that detrimental reliance could be found (*Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234 [1st Dept 2013]). Nor is there any indication that NYCSCA displaced DOE's obligation to maintain the sidewalk.

### III. Prematurity

Contrary to Plaintiff's argument, the motion is not premature (*see* CPLR § 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v. WS Distrib., Inc.*, 34 AD3d 759, 760 [2d Dept 2006]; *see also Boris L. v. AMC Entertainment Holdings, Inc.*, 208 AD3d 859 [2d Dept 2022]). Plaintiff has had ample time to pursue discovery since the commencement of this action in January 2022, including over two years before the motion was filed. Notwithstanding, nothing has emerged or been disclosed that would give rise to the material prospect of a disputed factual issue. Nonetheless, no evidence has emerged or been disclosed that would substantively suggest the likelihood of a disputed factual issue.

Moreover, Plaintiff's opposition fails to articulate any specific discovery needed that would create a triable issue of fact on the core question of ownership or sidewalk control by NYCSCA. Conclusory claims of incomplete discovery, without more, do not defeat a motion for summary judgment (*Carrington v. City of New York*, 201 AD2d 525, 527 [2d Dept 1994]).

### IV. Cross-Claims

The City Defendants' cross-claims for contribution and indemnification must be dismissed as there is no viable theory of negligence or contractual liability against NYCSCA (*Aiello*, 110 AD3d at 247, *supra*). The City Defendants have not opposed dismissal of their cross-claims, and there is no evidentiary basis upon which such claims could be sustained.

For the foregoing reasons, the motion by Defendant New York City School Construction Authority for summary judgment is GRANTED in its entirety.

Accordingly, it is hereby

ORDERED that all claims and cross-claims against the New York City School Construction Authority are dismissed with prejudice; and it is further

**150846/2022   IRIZARRY, EUNICE vs. THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY ET AL**
**Motion No.  001**

**Page 4 of 5**

ORDERED that costs and disbursements of this motion are awarded to NYCSCA as taxed by the Clerk of the Court upon submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

20250415115428HKINGO33207AXBC3034A0DA614AB67438658AA

**4/15/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150846/2022   IRIZARRY, EUNICE vs. THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY ET AL**
**Motion No.  001**

Page 5 of 5